UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

JONAH W. GRIFFITH, JR.,

              Plaintiff,           Civil No. 13-6349 (NLH/KMW)

v.

                                 **OPINION**

GENERAL MILLS INC., et al.,

              Defendants.


_____

**APPEARANCES:**

Jonah W. Griffith, Jr.
1110 Highway 77
Bridgeton, New Jersey 08302

Jonah W. Griffith, Jr.
P.O. Box 871
Bridgeton, New Jersey 08302

Jonah W. Griffith, Jr.
c/o 366 Bank Street
Bridgeton, New Jersey 08302

     *Plaintiff Pro Se*

Holly Elizabeth Rich, Esq.
Kristine Grady Derewicz, Esq.
Littler Mendelson PC
1601 Cherry Street
Suite 1400
Philadelphia, Pennsylvania 19102

     *Counsel for Defendant General Mills Operations, LLC*

**HILLMAN, District Judge:**

This matter comes before the Court by way of motion [Doc. No. 17] of Defendant General Mills Operations, LLC, named in the complaint as General Mills Inc., seeking to dismiss Plaintiff's complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and Local Civil Rule 41.1(a).  Plaintiff Pro Se, Jonah W. Griffith, Jr., has not filed any response to the motion.  The Court has considered Defendant's submission and the record as a whole and decides this matter pursuant to Federal Rule of Civil Procedure 78.  For the reasons that follow, Defendant's motion will be granted.

## I.  JURISDICTION

Plaintiff's complaint purports to assert a claim for retaliation in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq., and the Court therefore has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II.  BACKGROUND

On September 23, 2013, Plaintiff filed a complaint in the Superior Court of New Jersey, Law Division, Cumberland County alleging that Defendant wrongfully terminated Plaintiff's employment because of Plaintiff's disability and leave apparently taken pursuant to the Family and Medical Leave Act.

Defendant removed the matter to this Court on October 24, 2013 and filed an answer on October 31, 2013.

On November 1, 2013, Karen M. Williams, United States Magistrate Judge, entered an Order for Scheduling Conference which required the parties to appear in court on January 16, 2014.  (Order [Doc. No. 5], Nov. 1, 2013.)  Plaintiff failed to appear for the conference as required by the Order.  As a result, Magistrate Judge Williams entered an Order requiring Plaintiff to file a letter with the Court by no later than January 27, 2014 explaining the reasons for his failure to attend the January 16, 2014 conference.  (Order [Doc. No. 7], Jan. 16, 2014.)  The Order warned Plaintiff that his failure to respond "may result in the imposition of sanctions which could include dismissal of your case."  (Id.)

Plaintiff did not file a response as required by January 27, 2014.  He did, however, file a letter dated January 30, 2014, which was received by the Court on February 3, 2014, in which he stated the reasons for his failure to attend the hearing on January 16, 2014.  (Letter from Pl. [Doc. No. 9], Feb. 3, 2014.)  The reasons proffered by Plaintiff included that he had been evicted from his home on January 9, 2014; that he had fallen on ice and injured his ribs on January 10, 2014 and was transported to the emergency room; that he has a long term chronic condition that requires medication; that it is difficult

to find legal help with his case; and that he has a P.O. Box that he cannot check every day.  (Id.)  Plaintiff requested additional time for the case and provided the Court with two new mailing addresses.  (Id.)

In response to Plaintiff's letter, Magistrate Judge Williams sent Plaintiff a letter in which she expressed "recognition and understanding of the difficult circumstances" that Plaintiff was facing.  (Letter [Doc. No. 10], Feb. 6, 2014.)  Magistrate Judge Williams granted Plaintiff's request for "more time" and directed Plaintiff to submit another letter setting forth dates during the months of March and/or April on which Plaintiff would be available to attend a scheduling conference.  (Id.)  The letter was sent to Plaintiff via certified mail, and a Return Receipt card [Doc. No. 11] signed by Plaintiff was returned to the Court.  Plaintiff never filed a letter as requested by Magistrate Judge Williams.  (Letter [Doc. No. 14], July 29, 2014.)

On July 14, 2014, counsel for Defendant wrote to Magistrate Judge Williams requesting a conference call to discuss the Court's February 6, 2014 letter to Plaintiff and the status of the case.  (Letter from Holly Rich, Esq. [Doc. No. 12], July 14, 2014.)  The Court entered a text order scheduling a telephone status conference for July 29, 2014.  (Text Order [Doc. No. 13], July 16, 2014.)  Defense counsel was unable to reach Plaintiff

4

by telephone for the conference.  (Letter [Doc. No. 14], July

29, 2014.)  As a result, Magistrate Judge Williams wrote another

letter to Plaintiff in which he was ordered to file a letter

with the Court "on or before August 26, 2014 setting forth the

reasons for [his] failure to participate in the July 29, 2014

telephone conference."  (Id.)  Plaintiff was again warned that

his failure to respond "may result in the imposition of

sanctions which could include dismissal of [his] case."  (Id.)

The letter was sent to Plaintiff at two separate addresses that

had been supplied by Plaintiff to the Court.  One letter was

signed for by "Dave Gardiner," and the other letter was returned

to the Court as unclaimed.

Plaintiff never responded to the Order contained in the

July 29, 2014 letter and has not filed any submissions with the

Court since his January 30, 2014 letter.  Defendant now moves to

dismiss Plaintiff's complaint for failure to prosecute.

## III. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 41(b), the

Court may dismiss an action when a plaintiff fails to prosecute

his case or comply with the court rules or a court order.  Fed.

R. Civ. P. 41(b).  Local Civil Rule 41.1(a) similarly provides

that the Court must dismiss a case that has been pending for

more than 120 days without any proceedings.  L. Civ. R. 41.1(a).

Generally, when deciding whether to dismiss a case for a plaintiff's failure to prosecute, the Court must consider the six factors set forth in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984).  These factors are "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense."  Poulis, 747 F.2d at 868.

The Court notes that "when a litigant's conduct makes adjudication of the case impossible, [a] balancing under Poulis is unnecessary."  McLaren v. N.J. Dept. of Educ., 462 F. App'x 148 (3d Cir. 2012); see also Spain v. Gallegos, 26 F.3d 439, 455 (3d Cir. 1994).  In this case, Plaintiff failed to attend the court-ordered conferences that were scheduled to develop a plan for moving the case forward and has not contacted the Court to reschedule such conferences.  The Court nonetheless gave Plaintiff additional opportunities to litigate, but Plaintiff has done nothing to prosecute his case.  In fact, Plaintiff has not submitted any filings to the Court in more than one year. Furthermore, it is not apparent that Plaintiff has given the

Court proper contact information so that the Court may contact
Plaintiff in an effort to move this case forward.[1]  Plaintiff's
conduct has thus made adjudication of this case impossible and,
on this basis alone, warrants dismissal of the action.

Additionally, the Court finds that the Poulis factors
support dismissal of Plaintiff's complaint at this time as
Plaintiff has failed to comply with court orders and has failed
to prosecute his case.

The Court specifically finds that the first Poulis factor,
Plaintiff's personal responsibility, weighs in favor of
dismissal.  Plaintiff is acting pro se, and cannot attribute
blame to counsel or anyone else for the failure to move this
case forward.

The Court also finds that the prejudice to Defendant -- the
second Poulis factor -- caused by Plaintiff's failure to abide
by court orders calls for dismissal of this action.  "Evidence
of prejudice to an adversary 'would bear substantial weight in
support of a dismissal[.]'"  Adams v. Trustees of N.J. Brewery
Employees' Pension Trust Fund, 29 F.3d 863, 873-74 (3d Cir.
1994) (internal citation omitted).  Because of Plaintiff's

---

[1] Specifically, Magistrate Judge Williams sent a letter to
Plaintiff at two addresses that Plaintiff had provided to the
Court.  One copy of the letter was returned as unclaimed and the
other was received by an individual named "Dave Gardiner."
Plaintiff never responded to the letter, so it is not clear that
Plaintiff received a copy of the letter from Mr. Gardiner.

failure to participate in this litigation, the Court has been
unable to set a schedule for discovery and Defendant is thus
unable to work toward a resolution of this matter on the merits.
As such, Plaintiff's conduct wholly frustrates and delays the
resolution of this case, and Defendant is prejudiced by
Plaintiff's continuing inaction.  Defendant also notes that it
is prejudiced because it has incurred fees for counsel's
attendance at court-ordered conferences, which were adjourned
due to Plaintiff's failure to appear.

     With respect to the third Poulis factor, Plaintiff's
history of dilatoriness, Plaintiff failed on numerous occasions
to timely prosecute his case.  The Court recognizes that the
delay in this litigation was initially caused because Plaintiff
was evicted from his home and fell on ice requiring emergency
treatment, which purportedly precluded him from attending the
initial scheduling conference on January 16, 2014.  Plaintiff
was given until January 27, 2014 to explain his circumstances to
the Court, but he did not write a letter until January 30, 2014.
Notwithstanding the belated nature of his reply, Magistrate
Judge Williams sent Plaintiff a letter granting Plaintiff
additional time to "deal with" the case and asked him to advise
of dates in March and April 2014 that he would be available to
participate in an initial conference.  Although Plaintiff signed
for the letter, he never responded to Judge Williams' request.

Five months later, when Plaintiff still had not contacted the Court in an effort to prosecute his case, defense counsel requested a conference and the Court entered an order requiring Plaintiff to participate in a telephone conference on July 29, 2014.  Plaintiff again failed to appear, and he never responded to a July 29, 2014 letter from Magistrate Judge Williams requiring an explanation for his failure attend the conference. These facts demonstrate a history of dilatoriness.  The lack of court-ordered participation by Plaintiff evidences that he is unable or unwilling to undertake the obligations of a lawsuit at this time.

The Court also finds that the fourth Poulis factor, willfulness of the conduct at issue, supports dismissal of this action.  In so finding, the Court notes that "where the record is unclear as to whether a party acted in bad faith, a consistent failure to obey orders of the court, 'at the very least, renders [a party's] actions willful for the purposes of the fourth Poulis factor.'"  Hunt-Ruble v. Lord, Worrell & Richter, Inc., No. Civ. A. 10-4520, 2012 WL 2340418, at *5 (D.N.J. June 19, 2012)(quoting Martino v. Solaris Health Sys. Corp., No. Civ. A. 04-6324, 2007 WL 1959226, at *5 (D.N.J. June 29, 2007)).  Here, Plaintiff has consistently failed to comply with court orders.  As noted above, Plaintiff failed to attend the January 16, 2014 initial conference as required by a

November 1, 2013 Scheduling Order; failed to timely comply with

a January 16, 2014 Order requiring him to explain by January 27,

2014 the reasons for his absence at the initial conference;

failed to comply with a July 16, 2014 text order requiring him

to appear at a July 29, 2014 telephone conference; and failed to

comply with a July 29, 2014 Order by Magistrate Judge Williams

to file a letter with the Court on or before August 26, 2014

explaining his reasons for failing to participate in the July

29, 2014 phone conference.  The Court finds Plaintiff's non-

compliance with the Court's Orders to be willful and

intentional, and the fourth <u>Poulis</u> factor supports dismissal.

    In so finding, the Court notes that the July 29, 2014

conference was scheduled via text order, and it is not readily

apparent from the docket that Plaintiff -- who does not appear

to be registered to receive electronic filings -- had notice of

this Order.  Furthermore, one copy of the July 29, 2014 letter

order from Magistrate Judge Williams was returned unclaimed, and

the other was signed for by "Dave Gardiner," so the Court cannot

be certain that Plaintiff received a copy of that order.

Nonetheless, as noted above, Magistrate Judge Williams sent the

letter to the two addresses that Plaintiff had provided to the

Court.  Plaintiff has an obligation to advise the Court of any

change in his address within seven days of such change.  L. Civ.

R. 10.1(a).  Therefore, to the extent Plaintiff did not receive

the July 29, 2014 letter order, Plaintiff bears responsibility

for the lack of notice.  Furthermore, even assuming Plaintiff

did not have notice of these orders, the Court finds that

Plaintiff's failure to comply with the January 16, 2014 order

and the February 6, 2014 directive, as well as Plaintiff's

failure to contact the Court or otherwise attempt to prosecute

this matter in more than one year, provide sufficient evidence

of a willful failure to participate in this matter.

The Court further finds that the fifth Poulis factor, "the

effectiveness of sanctions other than dismissal, which entails

an analysis of alternative sanctions[,]" also supports dismissal

of this case.  Poulis, 747 F.2d at 868-69.  "'The Third Circuit

has identified a number of alternative sanctions available to a

court, including 'a warning, a formal reprimand, placing the

case at the bottom of the calendar, a fine, the imposition of

costs or attorney fees or the preclusion of claims or

defenses.''"  Hayes v. Nestor, No. Civ. A. 09-6092, 2013 WL

5176703, at *5 (D.N.J. Sept. 12, 2013) (citations omitted).

Here, other than filing a complaint, Plaintiff has done nothing

to prosecute his case.  In light of Plaintiff's continued non-

compliance with court orders and his failure to contact the

Court in more than one year, it does not appear that Plaintiff

intends to pursue his claim against Defendant.  Plaintiff has

been warned on two occasions that failing to participate in the

litigation may result in the dismissal of his claims, but even these warnings have not prompted Plaintiff to prosecute his case.  Therefore, the Court finds that lesser sanctions would have no effect on Plaintiff's compliance with court orders, or his interest in litigating this case.  See Genesis Eldercare Rehab. Servs., Inc. v. Beam Mgmt., No. Civ. A. 07–1843, 2008 WL 1376526, at *2 (E.D. Pa. Apr. 9, 2008) (finding that sanctions other than dismissal would be insufficient when defendant "demonstrated its complete neglect of its obligations as a litigant in this matter.").  The Court finds that the fifth Poulis factor thus weighs in favor of dismissal.

Finally, the Court is unable to determine the merits of this case, which is the sixth Poulis factor.  Plaintiff's complaint contains very few facts, which are all denied by Defendant, and Defendant has asserted as an affirmative defense that Plaintiff's employment was terminated for legitimate, non-retaliatory reasons.  At this time, there is an insufficient record for the Court to consider the merits of the case.[2]  The sixth Poulis factor therefore neither weighs in favor of nor

---

[2] Defendant notes in its brief that Plaintiff's employment was terminated because Plaintiff falsified documents pertaining to the temperature of a General Mills product, causing a safety risk to consumers.  (Def.'s Br. 7-8.)   As such facts are not yet submitted to the Court in evidentiary form, the Court at this time does not consider this assertion in deciding whether Plaintiff's claim has merit.

against dismissal.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, the Court finds that the six factors set forth in <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863, 868 (3d Cir. 1984), on balance weigh in favor of dismissal, and it will therefore grant Defendant's request to dismiss the case at this time.

An Order consistent with this Opinion will be entered.


                                          s/ Noel L. Hillman
                                    NOEL L. HILLMAN, U.S.D.J.
Date: March 6, 2015

At Camden, New Jersey